IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRELL LAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1692 (MN) |
| | ) |
| THOMAS MACAULEY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

1.  Plaintiff Darrell Law ("Plaintiff"), SBI No. 216724, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this Complaint pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and on November 1, 2018, was granted leave proceed *in forma pauperis*. (*See* D.I. 4).

2.  The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (*i.e.*, April 26, 1996) is counted when applying the "three strikes rule." *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

3.  It has come to the Court's attention that Plaintiff, while incarcerated, has filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief

may be granted. *See Law v. Delaware Cty.*, No. 16-3030 (E.D. Pa. June 23, 2016) (dismissed as frivolous for failure to state a claim on which relief may be granted); *Law v. Delaware Cty.*, No. 16-3029 (E.D. Pa. June 23, 2016) (dismissed as frivolous for failure to state a claim on which relief may be granted); *Law v. Delaware Cty.*, No. 16-3028 (E.D. Pa. June 23, 2016) (dismissed as frivolous for failure to state a claim on which relief may be granted); *see also Law v. Clerk of Courts Lima, PA*, No. 16-3157, at Sept. 5, 2017 Order (3d Cir. 2017) ("it appears that appellant is a prisoner who has had at least three prior civil actions dismissed as either frivolous or for failure to state a cause of action, pursuant to the Prison Litigation Reform Act, 28 U.S.C. Section 1915(g), he must either pay his appellate fees or file a motion demonstrating imminent danger of serious physical injury if he wishes to proceed with this appeal"). Therefore, he may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g) and *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). The Complaint does not meet the § 1915(g) standard. Plaintiff's claims concern his arrest, rulings by Delaware State Court Judges and criminal conviction. Accordingly, Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed without prepayment of fees.

THEREFORE, IT IS HEREBY ORDERED this 21st day of May 2019 that:

1. The November 1, 2018 Order (D.I. 4) granting Plaintiff leave to proceed *in forma pauperis* is **VACATED**.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (D.I. 1) is **DENIED**.

3. Plaintiff shall pay the $400.00 filing fee within thirty (30) days from the date of this Order. If Plaintiff does not pay the filing fee within that time, the Complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

4. Plaintiff's Motion for Appointment of Counsel (D.I. 6) is **DENIED** without prejudice to renew.

_____
The Honorable Maryellen Noreika
United States District Judge