IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DARRELL LAW,

    Plaintiff,

v.                                                         Civ. A. No. 18-1692 (MN)

THOMAS MACAULEY, et al.

    Defendant.

OBJECTION (And Request for Reconsideration) TO

COURT ORDER OF MAY 21, 2019

---

I.     On November 1, 2018, the Plaintiff embarked upon the above styled matter asserting hypothetical explanation of "deep state collusion" and as relating to a "parallel construction" type of effort utilized by state officials, i.e. Defendants, through crafting means that, also, include an illegal judicial procedure, in order to make justification/ alternative explanation of Plaintiffs continued deprivation of liberty. <u>Manuel v. City of Joliet</u>, 137 S.Ct. 911 (2016)

    The reality of the ongoing violation to Plaintiffs constitutional rights, that of which began on November 6, 2016 with the Plaintiffs encounter with rogue Delaware State Police Officers, Macauley and Holl, primarily establish as illegal detention and/or ex post facto arrest and/ or illegal seizure. in violation of the Plaintiffs Fourth Amendment Rights as guaranteed under the United States Constitution; there was no probable cause. Plaintiffs incarceration at James T.

Vaughn Correctional Center immediately commenced intermittent to that illegal seizure. Manuel at 918; Abdul-Akbar v. McKelvie, 239 F. 3d 307 (3d cir. 2001)

The Plaintiff accepts this opportunity to be most specific in that, the period of time spent illegally detained and/ or seized at the notorious JTVCC, did in fact, cause detriment to his health, see Law v. Pierce, et al. # 19-924 (MN), of which resulted in his contraction of a life threatening lung disease, that is part and parcel of the om going illegal detention and/ or ex post facto arrest and/ or illegal seizure. (citation omitted)

II. The Plaintiff hopes to make the court ever so aware in how the aforementioned broad and peculiar scheme has affected every facet of his life, thereby, rendering him poor and indigent as well. Hence, the necessity to proceed as a pauper.

Moreover and unwithstanding a "screening process" as generally incorporate within the Prison Litigation Reform Act (PLRA), which is one of a few policies and mandates enacted during the Bush and Clinton administrations currently under scrutiny, the Plaintiff OBJECTED to the PLRA's application as being unconstitutional in the originally (hand written) complaint of November 1, 2018. The court granted Plaintiff leave to proceed on the civil complaint without the filing fee, on condition that, the Plaintiff agree (contractually) to affect payment towards the filing fee. Quite notably, Plaintiffs' inmate trust fund account has been "taxed" for approximately $ 20.00 since the court order granted Plaintiff to leave to proceed inform pauperis.

III. On April 22, 2019, the Plaintiff filed an Amended complaint to highlight aspects of his claims challenge to a tainted legal process initiated through a so-called preliminary hearing that was held November 18, 2016.

Subsequently, the Plaintiff filed another civil complaint on May 17, 2019, Law v. Pierce, et al. # 19-924(MN), that cited the Delaware Department of Corrections officials as being in dereliction of a duty to maintain a environment least threatening to the Plaintiffs health and, also, fostering a culture of indifference, alongsides Connections Community Services Program, towards the Plaintiffs medical needs that, ultimately, lead up to Plaintiffs' contraction of a life threatening lung disease. Verily, the occurrence of these violations (and concomitant acts of misconduct) should not be viewed and entertained intermundane one another, simply for the sake of convenience.

IV. On May 21, 2019, the court relegated a sudden "lack of attentiveness" to judiciary and court administrative matters as an auxiliary to invoke 1915 (g) of the PLRA to establish a ground to rescind its' early court order of which merely acknowledged Plaintiff status as a pauper and set up a payment plan. . . the Plaintiff OBJECTS.

WHEREFORE, the court current establishment in error is particularly shocking given Plaintiffs' circumstances in general and, therefore, Plaintiff respectfully suggest that the district court reconsider the ORDER of May 21st, 2019 and STRIKE that ORDER from the record. In addition, Response from Defendants should immediately be required.

                                        Respectfully Submitted,

May 28, 2019                         _D. Law_

                                        Darrell Law, pro se