IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARRELL LAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1692 (MN) |
| | ) | |
| THOMAS MACAULEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I.  **INTRODUCTION**

Plaintiff Darrell Law ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this Complaint pursuant to 42 U.S.C. § 1983.  On November 1, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis* and on November 27, 2018, assessed an initial partial filing fee.  (D.I. 4, 7).  Unbeknownst to the Court, prior to commencing this action, Plaintiff, while incarcerated, had filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.  When this was discovered, the Court vacated the order granting Plaintiff's motion for leave to proceed *in forma pauperis* and denied Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).  (D.I. 10).  Plaintiff has filed a motion for reconsideration.  (D.I. 11).  He contends the Court erred and asks the Court to strike the order.  He also seeks my recusal.  (D.I. 12).

## II.  **MOTION FOR RECONSIDERATION**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1)

an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.   *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).   Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."   *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).   Reargument, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension."   *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Upon review of the pleadings, Plaintiff's past litigation history, the May 21, 2019 Order, and Plaintiff's pending motion, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's May 21, 2019.   Plaintiff has "three strikes" and by statute he must pay the $400 filing fee in full.   *See* 28 U.S.C. § 1914; 28 U.S.C. § 1915(g).

Because the Court incorrectly granted Plaintiff *in forma pauperis* status and assessed a filing fee and initial filing fee under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), the prison where he is incarcerated remitted partial payments to the Court.   To date, the Court has received $23.66.   The Clerk of Court will be directed to issue a refund to Plaintiff for any monies it has collected.

### III.     MOTION FOR RECUSAL

Plaintiff moves for my recusal under 28 U.S.C. § 455 and § 144.   (D.I. 12).   He has

submitted an affidavit to support his motion for disqualification under § 144.    (D.I. 13).

Section 144 provides that "[w]henever a party to any proceeding in a district court makes

and files a timely and sufficient affidavit that the judge before whom the matter is pending has a

personal bias or prejudice either against him or in favor of any adverse party, such judge shall

proceed no further therein."   Plaintiff submitted a three paragraph affidavit in support of his

motion.    (D.I. 13).    In the affidavit, Plaintiff states that he "believes" I am "intolerant and

uninterested in his judiciary matters because he is incarcerated" and a "*pro se* litigant."    (*Id.* at

1).   Plaintiff believes this is so because he has a total of three civil matters pending before me.

(*Id.*).    He states that I am "only interested in matters of litigation involving big business and

corporation."    (*Id.*).

As a threshold matter, it is the responsibility of the district judge against whom an affidavit

is filed to assess the legal sufficiency of the affidavit.    *United States v. Townsend*, 478 F.2d 1072,

1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify

a judge").    The United States Court of Appeals for the Third Circuit has held that the challenged

judge must determine only the sufficiency of the affidavit, not the truth of the assertions.    *Mims

v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976).    An affidavit is legally sufficient if the facts alleged

therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person

that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature."    *United

States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

Here, it is evident that Plaintiff's allegations of bias consist of subjective conclusions and

disagreements with this Court's legal rulings in this and other cases wherein Plaintiff is a party

and because I have not reviewed his cases as quickly as he would like.    *See Jones v. Pittsburgh*

*Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations).

Plaintiff filed the motion for recusal after his *in forma pauperis* status was revoked when the Court discovered that he had "three strikes." It is evident that he is unhappy with the ruling. The Third Circuit has "repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). Here, Plaintiff has not met the requirements of § 144, and his motion for recusal under 28 U.S.C. § 144 will be denied.

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at

courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id*. at 555–56.

Again, it is evident in reading Plaintiff's motion that he takes exception to this Court's recent ruling and his displeasure because he believes his cases are not being ruled upon quickly enough and both serve as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do my rulings demonstrate that I acted in any such manner when ruling in cases wherein Plaintiff is a party. Nor have I delayed in ruling on Plaintiff's cases for any reason. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

## IV.    CONCLUSION

For the above reasons, the Court will:    (1) deny the motion for reconsideration (D.I. 11); (2) order the Clerk of Court to issue a refund to Plaintiff for monies it has collected towards the filing fee; and (3) deny the motion for recusal (D.I. 12).

An appropriate order will be entered.

June 6, 2019

The Honorable Maryellen Noreika
United States District Judge